LOUIS H. YARRUT, Judge ad hoc.
Plaintiff appeals from an adverse judgment dismissing his claim for $447.68 for freight and storage charges incurred, and commission earned, in connection with the sale by him to defendant of an ice crushing machine and appurtenances. A question of fact only is presented.
Plaintiff was doing business under the name of Webb Engineering & Supply Company in New Orleans. Defendant was doing business as Ed Martin Ice Company, Westwego, Louisiana.
On May 21, 1946, defendant gave plaintiff a written order for an ice crushing machine', to be shipped to Westwego without any fixed date of delivery. The machine was to be manufactured and shipped by the Gifford-Wood Company of Hudson, New York, for whom plaintiff was, in reality, the selling agent. Because of the change in the design of the machine, the scarcity of materials, and other orders ahead of defendant’s order, delivery had not been made to defendant as late as July 14, 1947.
Between May 21, 1946, and July 12, 1947, defendant sought delivery and made no attempt to put plaintiff in default until he sent a telegram on July 14, 1947, cancelling the order.
Defendant testified he finally decided to cancel the order because he had purchased a crushing machine from another source in April, 1947, but was still willing to defray the freight charges, had the machine been shipped on or before July 14, 1947.
When plaintiff received defendant’s telegram of July 14, 1947, he promptly communicated by wire with Gifford-Wood Company, and then had a telephone conversation with defendant to the effect that the machine was in transit and would arrive any day. Defendant then agreed that if the 'machine had already been shipped and consigned to him, he would assume payment of the freight both ways, plaintiff to accept the return of the machine.
On July 18, 1947, Acme Fast Freight, Inc., a motor truck line, tendered a shipment to defendant at Westwego, Louisiana, but when defendant ‘noticed that the crate in which the machine was packed showed ■ that it was shipped, not to him, but to “Riverside Co., .Berwick, La.,” he refused to pay the freight. Defendant became suspicious that a rejected shipment was being .passed 'over to him.
Argument has arisen whether or not the name of defendant should have appeared on the packing case in order for defendant to be liable for the freight. It is apparent that defendant understood, and agreed, that his liability for the freight charges would accrue only if the shipment had actually been made to him prior to July 14, 1947, Without this agreement, defendant would have had no legal liability. Grapico Bot *130 tling Works v. Liquid Carbonic Co., 163 La. 1057, 113 So. 454.
The issue is whether or not the machine was actually en route and consigned to defendant when he sent his telegram of cancellation on July 14, 1947.
On June 27, 1947, the machine was shipped by the manufacturer via Acme Fast Freight, Inc., under bill of lading consigned to “Riverside Co., Berwick, La.” Plaintiff offered in evidence a copy of letter dated July 7, 1947, written by Gifford-Wood Company to Acme Fast Freight, Inc., requesting the reconsignment to defendant of the machine previously consigned to Riverside Co., Berwick, Louisiana. There is in evidence a copy of invoice dated July 7, 1947, from Gifford-Wood Company, showing the invoicing of the machine to Webb Engineering & Supply Company, consigned to defendant at Westwego, Louisiana; a copy of letter dated July 2, 1947, by plaintiff to Gifford-Wood Company, inquiring about the shipment of the machine, and an original letter of July 7, 1947, by Gifford-Wood Company to Webb Engineering & Supply Company, acknowledging the letter of July 2, 1947, and stating that the machine was shipped by freight on June 27, 1947, and should be received without delay.
The letter of July 7, 1947, to Webb makes no mention of the consignee, but merely refers to “your order 3791,” yet we find on the original order executed by defendant (Plaintiff’s Exhibit II) on Webb’s form “Our Order No. 3784-A,” meaning that Webb’s order with defendant was 3784-A and not 3791.
The letter of July 2, 1947, by Webb to Gifford-Wood Company, reads: “The last promised shipping date on this crusher covered by the above order number was for May 15. Our customer has not received shipment of this crusher yet. Please advise.”
The testimony, by deposition, of Mr. Gerard F. Hart, Traffic Manager for the Gif-ford-Wood Company, states (answer to Interrogatory No. 5) that defendant’s order was to have been delivered on or about September 1, 1947, and not May 15, 1947.
Mr. Hart further testified (answer to Interrogatory No. 5 of his deposition): “ * * * The re-consignment notice did not catch up with the shipment until it had already reached original destination and had been offered to original consignee.”, meaning, of course, Riverside Company, Berwick, Louisiana.
There is in the record a “Report of Undelivered and Refused Freight” of Acme Fast Freight, Inc., dated July 18, 1947, naming Gifford-Wood Company as shipper, and Riverside Company, Berwick, Louisiana, as consignee, reading as follows: “Your shipment consisting of: 1 crt. ice breaking machine w/bag of elec switch attached — 3025# for the consignee shown, is undelivered because: Consignee refused shipment. Shipment was originally consigned to Riverside Co., Berwick, Louisiana. However, we received a telegram from shipper telling us to reconsign shipment to Martin Ice Co., Westwego, La. which they refused, * * * ”
Plaintiff claims he was not advised of the true facts surrounding the shipment until he saw the “Report of Undelivered and Refused Freight” of the truck line dated July 18, 1947. Yet he charged in his petition that the shipment was made to defendant on or about June 27, 1947, which we now know is not correct.
The copy of letter of July 7, 1947, from Gifford-Wood Company to Acme Fast Freight, Inc., Green Island, Troy, New York, indicates the diversion or reconsignment order was by letter, yet Acme’s report of July 18, 1947, indicates the diversion order came by telegram at a much later date.
Plaintiff lays great stress on the fact he mailed defendant an invoice for the shipment on July 7, which defendant denied receiving. In view of subsequent events, the invoice, if mailed on that date, proved premature.
Plaintiff has offered no testimony from the Riverside Company, nor from Acme Fast Freight, Inc., concerning the date when, and under what circumstances, the notice of reconsignment was received and executed.
There is doubt in the testimony whether the shipping documents accompanying the shipments tendered defendant on *131 July 18, 1947, were made out in the name of defendant or Riverside Company. The shipping documents, in the possession of or under control of plaintiff, were not produced. The burden was on plaintiff to prove the shipment was on its way to defendant as consignee on July 14,1947, when his order of cancellation was sent.
There are too many unexplained discrepancies. All plaintiff proved is that a machine, similar to the one ordered by defendant, was shipped by the manufacturer on June 27, 1947, to Riverside Company, Berwick, Louisiana, and that an abortive attempt was made to divert or reconsign the shipment to defendant while in transit before it reached the original consignee.
Having failed to successfully carry the burden of proving that the shipment was made to defendant before his cancellation of July 14, 1947, plaintiff cannot recover.
The freight charges were incurred on June 27, 1947, in fulfillment of the manufacturer’s obligation to the Riverside Company, and would have been incurred whether or not defendant’s order was still unfilled. As the record is silent on this point, we can only conjecture that Riverside’s obligation for these charges is sought to be transferred to defendant.
We find no error in the judgment of the lower court, and it is, therefore, affirmed.
Affirmed.
JANVIER, J., takes no part.